### GOVERNMENT OF The VIRGIN ISLANDS, Appellant,

v.

### Ralston GREENE.

### No. 82–3280.

United States Court of Appeals, Third Circuit.

Argued April 25, 1983.

Decided May 27, 1983.

Rehearing Denied July 20, 1983.

Hugh P. Mabe, III, U.S. Atty., James S. Carroll, III (argued), Asst. U.S. Atty., Charlotte Amalie, St. Thomas, V.I., for appellant.

George Marshall Miller (argued), Charlotte Amalie, St. Thomas, V.I., for appellee.

Before GIBBONS, SLOVITER and BECKER, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

The Government of the Virgin Islands appeals from an order of the District Court of the Virgin Islands granting a post-verdict motion pursuant to Fed.R.Crim.P. 29(b). The jury found defendant Ralston Greene guilty of unlawful entry, and the district court held that there was insuffi-cient evidence of intent to sustain a guilty verdict on that charge. We reverse.[1]

### I.

Mr. Greene, a Virgin Islands police officer, was charged in an information with burglary and grand larceny at the home of Carol Crossman on November 24, 1981. On that date, according to her testimony, Mrs. Crossman left her home about noon, closing but not locking the door. When she returned at approximately 1:30 p.m. she saw a police car in the front yard. The front door was closed. Greene, in uniform, opened the door from the inside and told her he had avoided a possible robbery by three Rastafarians who had been in the yard but had fled at his approach. Greene did not have his gun drawn or his nightstick in his hand. After a superficial search while Greene was on the premises, Mrs. Crossman did not notice anything missing. After Greene left, she discovered that two rings and two watches were missing. One of the two watches was later found in the bathroom. Greene took no report from her, made no notes, and did not interview her.

Officer Edwin Palermo, an investigating officer, read into the record Greene's answers to questions during an investigation of his conduct. Greene's answers indicated that while on patrol he drove down the dirt road on which the Crossman home was located to see if any apartments were available there. Hearing dogs barking, he turned into the Crossman driveway and saw two figures running away. After informing the police radio dispatcher that he was going to investigate the situation, he left the police car and entered the open door of the house. Soon thereafter Mrs. Crossman arrived. Greene asked her to check if anything had been taken. Since she indicated that nothing appeared to be missing, Greene did not file an incident report. His statement did not indicate why the door of the Crossman house was closed when Mrs. Crossman arrived.

1. The Government of the Virgin Islands is authorized to appeal by virtue of 18 U.S.C. § 3731 (1976). *Government of the Virgin Islands v. Christensen,* 673 F.2d 713, 717 (3d Cir.1982); *Government of the Virgin Islands v. Josiah,* 641 F.2d 1103 (3d Cir.1981).

Officer Palermo and a number of other prosecution witnesses testified that Greene failed to follow normal police procedures with respect to the November 24, 1981 incident; (1) he left the police car without notifying the dispatcher, (2) he entered an open house without requesting assistance, and (3) he failed to file a report on the incident: The defense called five police officers, some of whom raised a fact issue over whether Greene had notified the dispatcher that he was leaving the car. These witnesses all confirmed, however, that with respect to an incident such as Greene described they would have notified the dispatcher, requested assistance, and filed a report.

Greene testified that he had in fact notified the dispatcher when he left the car, that the door to the Crossman house was open when he arrived, and that he had mentioned to Mrs. Crossman two rather than three figures fleeing the premises.

The court denied Greene's Rule 29(b) motion and submitted both the burglary and grand larceny charges to the jury. Unlawful entry, V.I.Code Ann. tit. 14, § 445 (1964), is a lesser included offense in the burglary count. It requires proof of entry of a building with intent to commit an offense therein. The jury acquitted Greene of burglary and grand larceny but found him guilty of unlawful entry.

The trial court granted Greene's post-verdict motion for a judgment of acquittal, reasoning that there was insufficient evidence to sustain a finding of entry with intent to commit an offense.·

## II.

■ The propriety of a post-verdict judgment of acquittal is determined by whether the evidence, when viewed in the light most favorable to the government, supports the verdict. *See, e.g., United States v. Dixon,* 658 F.2d 181, 188 (3d Cir. 1981); *cf. Government of the Virgin Islands v. Gereau,* 502 F.2d 914, 930 (3d Cir.1974). Our consideration of that question is plenary. In this case evidence of Greene's intention in entering the building is circumstan-

tial. The circumstances which the jury could have found, pointing to entry with intent to commit an offense, include (1) his failure to notify the dispatcher when he left the police car, (2) his failure to request assistance when entering the Crossman house, (3) his failure to take a statement from Mrs. Crossman and to file a report, (4) inconsistencies in his statements about the number of persons he saw fleeing from the Crossman yard, (5) the fact that when he entered the house he closed the door behind him, and (6) the fact that some items were missing from the house. From the fact of entry and this combination of suspicious circumstances the jury could reasonably infer an entry with intent to commit larceny in some degree.

■ In considering the sufficiency of the evidence, the trial judge apparently disregarded the evidence that some property was missing, because the jury acquitted on the larceny charge. In his view the remaining suspicious circumstances were insufficient to support an inference of intent to commit an offense. We need not decide in this case whether, absent some evidence that some property was missing, the five other suspicious circumstances were sufficient to support an inference of intent to commit an offense. The plain fact is that the sixth item of evidence is in the record. It cannot, as the trial court appears to have assumed, be disregarded by virtue of the jury's general verdict on the grand larceny count. Acquittal on that count merely establishes that the jury did not find the elements of the grand larceny offense beyond a reasonable doubt. *See Helvering v. Mitchell,* 303 U.S. 391, 397, 58 S.Ct. 630, 632, 82 L.Ed. 917 (1938). The measure of reasonable doubt need not be applied to specific detailed facts but only to the ultimate issue. *See* IX *Wigmore on Evidence* § 2497, at 412–13 (Chadbourn rev. 1981); C.E. Torcia, *Wharton's Criminal Evidence* § 16, at 26 (13th ed. 1972). So long as the totality of circumstantial evidence relating to intent would enable a reasonable factfinder to infer such intent beyond a reasonable doubt, the due process requirement for

sufficiency of the evidence on that element of the offense is satisfied. *United States v. Cooper,* 567 F.2d 252, 253–54 (3d Cir.1977).

The jurors may well have concluded that the missing items were not worth $100 or more, V.I.Code Ann. tit. 14, § 1083(1) (1964), and may not have appreciated that they could find Greene guilty of petit larceny. V.I.Code Ann. tit. 14, § 1084 (1964). Indeed they may even have been exercising the traditional juror prerogative of mercy. *See United States v. Harris,* 701 F.2d 1095 (4th Cir.1983). While the court pointed out that the evidence on the larceny count was highly relevant with respect to intent on the entry charge, its instruction did not preclude a verdict in favor of the defendant on the former and against him on the latter.[2]

### III.

Since the circumstantial evidence when viewed in the light most favorable to the government is sufficient to support an inference that Officer Greene entered the Crossman house with larcenous intent, the court erred in granting his motion for a judgment of acquittal. The order granting that motion will be reversed and the case remanded for sentencing.

---

**2.** The court charged:

Note that a separate crime is charged in each of the two counts of this information. A finding of guilty [sic] or innocence as to one count does not necessarily control your finding as to another generally speaking. In this case, however, because of the fact that the crime itself alleged that he intended to commit larceny, which is the one charged, and since you are going to have to depend on circumstances and from what you find which helps to determine what his intent was, it might be incongruous for you to find that he committed larceny but that he didn't commit burglary because you can't find what his intent was or that you find his intent was to steal but that he didn't commit larceny, because in this case I suggest to you that the main determining factor as to what his intent was is what you find that he did, if you find that he did take anything once he got in. So that while generally speaking a finding as to one count does not necessarily control your finding as to the other, when you deliberate in this case, you will bear in mind the interrelationship between the two charges, one, breaking and entering with intent to commit larceny, and two, the actual commission of the larceny which it was alleged was intended at the outset.