GOVERNMENT OF the VIRGIN ISLANDS, Appellant,

v.

Ralston GREENE.

No. 82–3280.

United States Court of Appeals, Third Circuit.

July 20, 1983.

Hugh P. Mabe, III, U.S. Atty., James S. Carroll, III (argued), Asst. U.S. Atty., Charlotte Amalie, St. Thomas, V.I., for appellant.

George Marshall Miller (argued), Charlotte Amalie, St. Thomas, V.I., for appellee.

Before GIBBONS, SLOVITER and BECKER, Circuit Judges.

## OPINION SUR DENIAL OF PETITION FOR REHEARING

PER CURIAM:

Ralston Greene has petitioned for rehearing in banc of the appeal by the Government of the Virgin Islands from an order granting his motion for judgment notwithstanding the verdict following a jury verdict finding him guilty of unlawful entry. The panel which heard the appeal reversed that order, reinstated the verdict, and remanded for sentencing. 708 F.2d 113.

 Mr. Greene is a Virgin Islands police officer. He contended at trial that his entry of the home of Carol Crossman was a lawful entry in the course of investigation of a possible burglary by others. The jury found otherwise. No member of this court has voted for rehearing in banc. Because of one unusual argument advanced by Mr. Greene for rehearing, however, the panel which decided the appeal deems it appropriate to set forth their reaction to that argument. Greene argues:

> In addition to all of the foregoing points of law and fact, there is a public policy question of exceptional importance involving the impact of the Court's decision on the future conduct of police officers carrying out their duty of protecting the public in emergency situations. Undoubtedly the present ruling in this case, if not changed, will have a chilling effect on officers who encounter burglaries and other indoor crimes in progress. It can reasonably be expected that they will hesitate from taking immediate, necessary action lest they risk being themselves accused of unlawful entry or even burglary itself. Several Virgin Islands police officers have already stated (not in the trial record) that if Officer Greene stands convicted, they would never enter a building to save life or property even if they heard screams and sounds of destruction coming from it unless and until reinforcements arrived so there would be a witness to protect them from the risk of being accused with [sic] unlawful entry.

The attempt to influence the outcome of an appeal by reference to matters not in the trial court record is a gross impropriety. Aside from that impropriety, however, we find no merit in the argument that the ordinary safeguards of the criminal justice system, including the presumption of innocence, the need for proof of guilt beyond a reasonable doubt, prosecutorial discretion in screening out frivolous charges, and the good common sense of jurors are so inadequate that police officers performing their duties may not act in reliance on them. If several police officers in the Virgin Islands have in fact expressed the position attributed to them in Mr. Greene's petition for rehearing, those expressions warrant further inquiry by the police authorities of the territory, and appropriate action to discourage the attitude toward police work which they disclose.

All other grounds set forth in the petition for rehearing were considered in connection with the disposition of the appeal. The petition for rehearing, treated as a petition for panel rehearing, will be denied.