GOVERNMENT OF the
VIRGIN ISLANDS

v.

HARRIGAN, Hugo, Appellant.

No. 85–3442.

United States Court of Appeals,
Third Circuit.

Argued April 30, 1986.

Decided May 22, 1986.

---

George Marshall Miller (argued), Charlotte Amalie, St. Thomas, U.S. Virgin Islands, for appellant.

Hugh P. Mabe, III (argued), Asst. U.S. Atty., James W. Diehm, U.S. Atty., Office of U.S. Atty., Charlotte Amalie, St. Thomas, U.S. Virgin Islands, for appellee.

Before HUNTER, WEIS, and MANS-MANN, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

On January 9, 1985, a jury found Hugo Harrigan guilty of grand larceny in violation of V.I.Code Ann. tit. 14, § 1083(1) (1964). At trial, the government established that on June 24, 1984, Harrigan had robbed Vincent Brooks at knife-point, taking ninety dollars in cash, some marijuana, and a bag of bread and cheese. On January 21, 1985, the United States Attorney filed an habitual criminal information, pursuant to V.I.Code Ann. tit. 14, § 61 (Supp. 1985), that alleged that Harrigan had been convicted of buying and receiving stolen property in 1978, and of escape from custody and grand larceny in 1975. The court denied Harrigan's motion to dismiss the information on February 25, 1985. On July 10, 1985, the court sentenced Harrigan to a ten-year prison term without probation or parole, the mandatory minimum under the habitual criminal statute. Harrigan now challenges the constitutionality of the statute on a number of grounds. He asserts that application of the statute denied him equal protection of the law, that the statute violates the doctrine of separation of powers, that it is void for vagueness, that it impermissibly shifts the burden of proof, and that it is unreasonable to apply it based on a larceny conviction.

■ The Supreme Court has recently reemphasized that the government has broad discretion in deciding whom to prosecute. *See Wayte v. United States,* 470 U.S. 598, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985). In considering an habitual criminal statute, the Court has stated that "the conscious exercise of some selectivity in enforcement is not in itself a Federal Constitutional violation." *See Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962); *see also LeClair v. Saunders,* 627 F.2d 606, 608 (2d Cir.1980), *cert. denied,* 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981); *Cook v. City of Price, Carbon Cty., Utah,* 566 F.2d 699, 701 (10th Cir.1977). A prosecutor is not bound to use the habitual criminal statute in every case to which it could be applied. *See Government of the Virgin Islands v. David,* 741 F.2d 653, 654 (3d Cir.1984). The selective application of an habitual criminal statute and the consequent discretion vested in the prosecutor to decide who will receive an enhanced sentence does not, alone, establish a violation of equal protection of the law. *See Beavers v. Lockhart,* 755 F.2d 657, 663 (8th

Cir.1985); *Martin v. Parratt,* 549 F.2d 50, 52 (8th Cir.1977).

■ However, the Supreme Court has recognized that prosecutorial discretion, although broad, is subject to constitutional constraints. *See Wayte,* 105 S.Ct. at 1531. If a prosecutor's decisions on whom to prosecute are made on a discriminatory basis with an improper motive, the prosecutor's actions may constitute a violation of the constitutional guarantee of equal protection. *See Yick Wo v. Hopkins,* 118 U.S. 356, 373–74, 6 S.Ct. 1064, 1072–73, 30 L.Ed. 220 (1886); *United States v. Lichenstein,* 610 F.2d 1272, 1281 (5th Cir.), *cert. denied,* 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980); *United States v. Aleman,* 609 F.2d 298, 305 (7th Cir.1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980); *Crass v. Tennessee Valley Authority,* 460 F.Supp. 941, 944 (E.D.Tenn.1978), *aff'd without opinion,* 627 F.2d 1089 (6th Cir.1980).

■ In order to demonstrate that selective prosecution is a violation of equal protection, defendants must make two showings. *See LeClair,* 627 F.2d at 609; *United States v. Torquato,* 602 F.2d 564, 569 (3d Cir.), *cert. denied,* 444 U.S. 941, 100 S.Ct. 295, 62 L.Ed.2d 307 (1979); *United States v. Johnson,* 577 F.2d 1304, 1308 (5th Cir.1978); *United States v. Berrios,* 501 F.2d 1207, 1211 (2d Cir.1974). First, they must provide evidence that persons similarly situated have not been prosecuted. Second, they must show that the decisions were made on the basis of an unjustifiable standard, *see Wayte,* 105 S.Ct. at 1231; *Martin,* 549 F.2d at 52; *United States v. Berrigan,* 482 F.2d 171, 174 (3d Cir.1973), "such as race, religion, or other arbitrary classification," *Oyler,* 368 U.S. at 456, 82 S.Ct. at 506, or to prevent the defendant's exercise of a fundamental right, *see United States v. Goodwin,* 457 U.S. 368, 372–74, 102 S.Ct. 2485, 2488–89, 73 L.Ed.2d 74 (1982).

■ Harrigan asserted below that the United States Attorney's office had made its decisions on when to file habitual crimi-nal informations on a racially discriminatory basis. At sentencing, he had no evidence to support this claim. On appeal, he has included in his appendix a list of the fourteen people sentenced under the habitual criminal statute in the last twenty years. This list shows that nine of the individuals were black and five were Hispanic. He has included another list of twenty-three persons who had been arrested three or more times for crimes that he alleged were within the habitual criminal statute, but who had not been sentenced under that statute. This list only shows arrests and does not indicate whether these persons were indicted or convicted. The list does not indicate the race of these twenty-three persons.

The materials in Harrigan's appendix were not presented to the trial court and are outside of the record in this case. *See Government of the Virgin Islands v. Greene,* 712 F.2d 824, 825 (3d Cir.1983), *cert. denied,* 465 U.S. 1008, 104 S.Ct. 1004, 79 L.Ed.2d 236 (1984). We, therefore, cannot consider his equal protection claim based on alleged racial discrimination. We specifically note, however, that our ruling is without prejudice to his right to raise this claim on a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (1982).

■ On this appeal Harrigan seems to have largely abandoned his equal protection claim based on racial discrimination. He now bases his equal protection claim not on alleged racial discrimination, but on his contention that the United States Attorney's office decides when to file habitual criminal informations in an arbitrary and, therefore, impermissible manner. Harrigan objects to the fact that the United States Attorney's office has, in the past, had an internal policy of not filing an information in cases involving grand larceny, but has filed an information against Harrigan. Standing alone, the government's change of policy on whether to file information on persons convicted of theft is not evidence of arbitrariness. A prosecutor has broad discretion in determining whether to prosecute. *See Bordenkircher v.*

*Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978); *Newman v. United States,* 382 F.2d 479, 480 (D.C.Cir.1967). Prosecutors consider numerous factors in deciding whether to prosecute including the age and record of the offender, the role of the person in the crime, and the resources of the prosecutor's office.

 We find no merit in any of Harrigan's other claims. Contrary to Harrigan's unsupported assertion, we find that the statute is not vague. Additionally, Harrigan maintains that habitual criminal treatment based upon a larceny conviction is improper. The habitual criminal statute provides that it is to be applied to persons who commit a crime of violence as defined in V.I.Code Ann. tit. 23, § 451(e) (1970) which states:

> "Crime of violence" means any of the following crimes, or an attempt to commit any of the same, namely: Murder in any degree, voluntary manslaughter, rape, arson, mayhem, kidnapping, assault in the first degree, assault with or by means of a deadly or dangerous weapon, assault to do great bodily harm, robbery, burglary, housebreaking, breaking and entering and larceny.

Title 23 is entitled "Internal Security and Public Order" and Chapter 5, in which § 451 appears, is entitled "Control of Firearms and Ammunition." Harrigan contends that larceny is not a crime of violence and that, therefore, it was unconstitutional to include it in § 451(e) or, by reference, in the habitual criminal statute. While larceny does not necessarily involve violence, we disagree with Harrigan's contention that there is no rational nexus between the legislative intent to prevent crime and the inclusion of larceny in the list of crimes considered violent. It is a matter for the legislature and not for this court to determine what is a crime of violence and which

crimes warrant application of the habitual criminal statute. *See Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Furthermore, we note that Harrigan's conviction for larceny was based on the removal of property from a person by physical force.[1]

For the foregoing reasons, we will affirm the district court's order sentencing the defendant to the mandatory minimum term of imprisonment under the habitual criminal statute.

---

1. We find no merit in Harrigan's contention that the habitual criminal statute unconstitutionally shifts the burden of proof to the defendant. We also reject Harrigan's argument based on the separation of powers doctrine. Habitual criminal statutes do not offend the separation of powers doctrine simply because the legislature

has mandated enhanced penalties for a particular group of offenders. *See Pierce v. Parratt,* 666 F.2d 1205, 1206 (8th Cir.1981). Courts have found no problem with the fact that the prosecutor, rather than a judge, is able to decide who will be prosecuted under the statute and, therefore, who will be subject to enhanced penalties.