PER CURIAM:
 

 Appellants Domingo Fernandez, Luis Gustavo Gualdado and Francisco Morales appeal their convictions of various crimes arising from their attempt to smuggle into this country a large quantity of cocaine. We affirm.
 

 1. The evidence presented at trial was sufficient to support appellants’ con
 
 *1527
 
 victions on the conspiracy and substantive offenses. Evidence viewed in the light most favorable to the government indicates that appellants were transporting cocaine, valued at approximately one billion dollars, in a powerful racing boat capable of eluding many customs vessels. When initially observed by Customs officials appellants were operating under cover of darkness and without navigation lights. Appellants, with Morales at the helm, took evasive action after being approached by the Customs officials and continued their attempts to avoid capture even after these officials fired upon their boat. During the ensuing chase Fernandez and Gualdado discarded duffle bags, later determined to be filled with cocaine, from the boat and washed the storage area with gasoline, a practice commonly employed to obliterate traces or odor of cocaine. This evidence was sufficient to demonstrate each appellant’s knowledge of a large amount of cocaine aboard the boat, the intent to smuggle that cocaine into this country, the existence of an agreement among and involving appellants regarding this enterprise, and appellants knowing or voluntary participation in furtherance of this illegal venture.
 
 See United States v. Cruz-Valdez,
 
 773 F.2d 1541 (11th Cir.1985).
 

 2. Appellants contend that there was insufficient evidence to support their convictions of assault with a deadly weapon arising from appellant Morales’ attempts during the ensuing chase to ram a pursuing Customs vessel. The manner in which the boat was used clearly turned that vessel into a deadly weapon. “Almost any object which as used or attempted to be used may endanger life or inflict great bodily harm, or which is likely to produce death or great bodily injury, can in some circumstances be a ‘dangerous weapon.’”
 
 United States v. Barber,
 
 297 F.Supp. 917 (D.C.Del.1969). Appellants were traveling at high rates of speed when the attempted rammings occurred. Testimony was elicited that had Morales been successful he would have severely damaged the Customs vessel and posed a substantial danger to the lives of the personnel aboard, while because of the construction of appellants’ vessel it would likely have survived the ramming. An automobile has been held to constitute a deadly weapon when used to run down a law enforcement officer.
 
 United States v. Manelli,
 
 667 F.2d 695 (8th Cir.1981). Likewise, in this instance appellants’ boat, used in an attempt to ram the vessel of Customs officials, also could properly be considered a deadly weapon.
 

 As to whether Morales’ actions could be attributed to Gualdado and Fernandez, the substantive crimes committed by a member of a conspiracy are attributable to other co-conspirators if the crimes are reasonably foreseeable as a necessary or natural consequence of the unlawful agreement.
 
 United States v. Alvarez,
 
 755 F.2d 830, 848 (11th Cir.1985). That commission of the substantive crime was originally unintended is not determinative.
 
 Id.
 
 at 851. In
 
 Alvarez,
 
 the court noted that the magnitude of the drug transaction was a critical factor in the court’s determination that the use of deadly force was reasonably foreseeable. The value of the cocaine at issue here far exceeded that in
 
 Alvarez,
 
 such that appellants “must have been aware of the likelihood ... that deadly force would be used, if necessary, to protect the conspirators’ interest.”
 
 Id.
 
 at 849. Further, Fernandez and Gualdado participated in the events leading up to the attempted rammings. After the initial attempt, Fernandez and Gualdado commenced jettisoning the illegal cargo, lightening the load of the boat and allowing them to achieve higher rates of speed. In reviewing the record, we find ample evidence to support the jury’s conclusion that the attempted rammings were a reasonably foreseeable consequence of appellants conspiracy to smuggle cocaine into this country.
 

 3. The jury instructions on whether Morales’ attempts to ram the Customs vessel could be charged to Fernandez and Gualda-
 
 *1528
 
 do did not constitute “plain error.” Taken as a whole, the instructions adequately informed the jury that to charge co-conspirators with the substantive offenses of a conspirator those offenses must have been reasonably foreseeable to the co-conspirators beyond a reasonable doubt.
 

 AFFIRMED.