**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**VINCENT PETRUS, Defendant**

Cr. No. 364/88

Territorial Court of the Virgin Islands

Div. of St. Croix

April 11, 1989

JEFFREY STEWART, Assistant Attorney General (Department of
Justice), *for plaintiff*

RENEE DOWLING, ATTORNEY, St. Croix, V.I. *for defendant*

ELTMAN, *Judge*

## MEMORANDUM AND ORDER

The defendant was tried by jury on a three-count information
charging assault in the third degree, 14 V.I.C. § 297(4), aggra-
vated assault and battery, § 298(5), and use of a deadly weapon,
§ 621(2). He was acquitted of the two assault counts along with
the lesser included offense of simple assault and battery but was
convicted only of using a deadly weapon. He now moves for a
judgment of acquittal, pursuant to Fed. R. Cr. P. 29(c), on the
grounds that the jury verdict is inconsistent and should be set
aside. The motion will be denied.

■ First, the verdict is not necessarily inconsistent. The defendant may be correct in assuming that the jury, by acquitting him of the assault charges, accepted his defense of self-defense. Alternatively, however, the jury may have rejected the self-defense claim but nevertheless found that the defendant did not inflict serious bodily injury upon the victim, as required by § 297(4), or that he had no intent to injure her at all, such intent being required for any assault conviction. Perhaps the jury was not satisfied that the defendant was an adult male or that the victim was a female, as required under § 298(5). In other words, there are several plausible explanations for the defendant's acquittal on the assault counts which would still have permitted him to be convicted on the weapons charge.

■■ Even if, arguendo, the jury verdict is inconsistent, it is not thereby invalidated. It is well-settled that inconsistent verdicts are not grounds for reversal. Dunn v. United States, 284 U.S. 390, 52 S. Ct. 189 (1932); United States v. Van Scoy, 654 F.2d 257 (3d Cir. 1981), cert. denied, 454 U.S. 1126, 102 S. Ct. 977. "A jury is allowed to go easy on a defendant by acquitting him on one count even though consistency might require either conviction on that count or acquittal on all counts." United States v. Shively, 715 F.2d 260, 267 (7th Cir. 1983), cert. denied, Shively v. United States, 465 U.S. 1007, 104 S. Ct. 1001; Government of the Virgin Islands v. Greene, 708 F.2d 113, reh. denied, 712 F.2d 824 (3d Cir. 1983), cert. denied, Greene v. Virgin Islands, 465 U.S. 1008, 104 S. Ct. 1004.

For the foregoing reasons, it is hereby

ORDERED that the motion for judgment of acquittal is DE-NIED.