UNITED STATES of America, Plaintiff,

v.

Lorenzo GONZALEZ, Modesto Anthony Caba, and Raphael Vasquez, Defendants.

Crim. No. 88–435 (SSB).

United States District Court, D. New Jersey.

Jan. 25, 1990.

Samuel A. Alito, Jr., U.S. Atty. by Arthur P. Zucker, Asst. U.S. Atty., Newark, N.J., for the U.S.

Richard Coughlin, Asst. Federal Public Defender, Camden, N.J., for defendant Lorenzo Gonzalez.

Peter V. Ryan, West Orange, N.J., for defendant Modesto Anthony Caba.

Michael N. Pedicini, West Orange, N.J., for defendant Raphael Vasquez.

BROTMAN, District Judge.

Presently before the court are the motions of defendants Lorenzo Gonzalez, Modesto Anthony Caba, and Raphael Vasquez for judgments of acquittal pursuant to Fed. R.Crim.P. 29(c). The government opposes these motions.

## FACTS AND PROCEDURE

On December 8, 1988, a grand jury indicted defendants for conspiracy to possess cocaine with intent to deliver, 21 U.S.C. § 846 (Count One), possession with intent to deliver cocaine, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two), and for the use or carrying of a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2 (Count Three). All defendants entered pleas of not guilty to all charges. At the trial, which commenced on October 16, 1989, the government introduced the testimony of Detective Salvatore Frascino of the Drug Enforcement Agency ("DEA"), Fiodaliza Gabriel, DEA Agent Quinton Maddox, and DEA Agent John Gillespie. Their testimony indicated that Frascino, who was undercover, arranged to make several purchases of relatively small amounts of drugs from Gonzalez and Vasquez. Frascino then arranged to purchase $14,000 worth of cocaine to be delivered on December 7, 1988 at the home of Gabriel. While waiting for Frascino to arrive on the night of December 7, Caba commented that he could not wait long because he had to take care of

the money. When Franscino arrived, he was taken into a back room and shown the cocaine. Caba remained in the front room. Frascino then began to go outside to his car purportedly to get the money. As he was leaving, Caba blocked his path until he said the cocaine was of good quality. At this time, it was not apparent that Caba was carrying a weapon.

When he arrived outside, Frascino signalled to the agents to enter the apartment. Upon their entry and announcement that they were police, Caba pulled a gun, which was loaded and had the safety in the off position, from his waistband, and he was subdued as he began to point it at one of the agents.

It was the position of Gonzalez and Vasquez that they had entered into a conspiracy to sell drugs, but that Caba was not a part of the conspiracy and that they had no way of knowing that he had a gun in any event. Caba admitted having the gun, but denied any knowledge of or participation in the conspiracy to sell drugs.[1] Each defendant filed a motion for judgment of acquittal at the close of the government's case, and each motion was denied. On October 26, 1989, the jury returned a verdict finding defendant Caba guilty of Counts One and Three only, and finding Gonzalez and Vasquez each guilty of all three counts charged.

Defendants now move for entry of judgments of acquittal[2] and claim that the evidence presented was insufficient as a matter of law to sustain the verdict.

## DISCUSSION

In reviewing the sufficiency of the evidence to support the convictions, the court is mindful of the standard articulated by the Supreme Court in *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942):

> It is not for us to weigh the evidence or to determine the credibility of witnesses.

> The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it.

*Id.* at 80, 62 S.Ct. at 469 (citation omitted). *Accord Burks v. United States*, 437 U.S. 1, 17, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978); *United States v. Wexler*, 838 F.2d 88, 90 (3d Cir.1988); *United States v. Leon*, 739 F.2d 885, 890 (3d Cir.1984). The court may not substitute its own judgment of the evidence for that of the jury, *see United States v. Mariani*, 725 F.2d 862, 865 (2d Cir.1984); *United States v. Cooper*, 567 F.2d 252, 253 (3d Cir.1977), and must draw all reasonable inferences favorable in favor of the government. *United States v. Ashfield*, 735 F.2d 101, 106 (3d Cir.), *cert. denied sub nomine Storm v. United States*, 469 U.S. 858, 105 S.Ct. 189, 83 L.Ed.2d 122 (1984). In short, the court must ascertain "whether, viewing the evidence in the light most favorable to the government, a reasonable mind could find the defendant guilty beyond a reasonable doubt of every element of the offense." *United States v. Terselich*, 885 F.2d 1094, 1097 (3d Cir.1989) (citing *Glasser*, 315 U.S. at 80, 62 S.Ct. at 469).

Defendants Gonzalez and Vasquez do not contest that they were members of the conspiracy to possess and deliver cocaine. They challenge only their convictions for carrying a firearm during and in relation to a drug trafficking charge. The government presented no evidence that either of them individually possessed the gun; therefore, their convictions cannot be upheld unless on the basis of the two theories of conspiratorial liability on which the jury was instructed.

The evidence could not sustain a conviction for aiding and abetting Caba in possessing the gun. In order to convict a defendant of aiding and abetting, the government must show that the defendant "knew of the commission of the substan-

---

**1.** The mandatory sentence enhancement for the carrying or use of a firearm during and in relation to a drug trafficking crime is five years where it is the defendant's first offense under subsection 924(c), and where the firearm was not specially adapted.

**2.** Defendant Vasquez initially filed a separate motion for a new trial pursuant to Fed.R.Civ.P. 33, but has now withdrawn that motion.

tive offense and acted with the intent to facilitate it." *United States v. Dixon,* 658 F.2d 181, 189 n. 17 (3d Cir.1981) (citation omitted). *See United States v. Bey,* 736 F.2d 891, 895 (3d Cir.1984).[3] The government argues that it presented direct evidence that Caba displayed the weapon to Gonzalez and Vasquez, and that this shows their complicity in his carrying the gun. The record discloses no such testimony, nor has the government specifically indicated where it might be found.[4] In the absence of any testimony that either Gonzalez or Vasquez knew that Caba had a gun, their convictions for the use of or carrying a gun during and in relation to a drug trafficking crime may not be upheld on this basis.

Accordingly, the only basis upon which the jury could have concluded that they were guilty of this charge was if the jury concluded that Caba was a member of the conspiracy who carried the gun in furtherance of the conspiracy. Likewise, defendant Caba's challenge to the sufficiency of the evidence to support his conviction for Counts One and Three turns on whether he was a member of the conspiracy.

■ To sustain a defendant's conviction for conspiracy requires proof of the existence of the conspiracy and that the defen-

dant was a knowing and willful member of the conspiracy. *United States v. Ammar,* 714 F.2d 238, 246 (3d Cir.), *cert. denied sub nomine Stillman v. United States,* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983). In evaluating the sufficiency of the evidence, the court must review the totality of the circumstances. *United States v. Leon,* 739 F.2d 885, 891 (3d Cir.1984); *Government of the Virgin Islands v. Greene,* 708 F.2d 113, 115 (3d Cir.1983), *cert. denied,* 465 U.S. 1008, 104 S.Ct. 1004, 79 L.Ed.2d 236 (1984).

" '[T]he inferences rising from "keeping bad company" are not enough to convict a defendant of conspiracy.' " *Terselich,* 885 F.2d at 1097 (quoting *Wexler,* 838 F.2d at 91). There must be evidence showing that the defendant in some sense promoted the venture himself, made it his own, or had a stake in the outcome. *United States v. DiPasquale,* 740 F.2d 1282, 1291 (3d Cir. 1984), *cert. denied,* 469 U.S. 1228, 105 S.Ct. 1226, 84 L.Ed.2d 364 (1985). The absence of evidence, or the existence of only slight evidence, linking the defendant to the object of the conspiracy requires a finding that the evidence was insufficient as a matter of law. *Wexler,* 838 F.2d at 91; *U.S. v. Coleman,* 811 F.2d 804, 808 (3d Cir.1987).

---

3. The court charged the jury on aiding and abetting as follows:

> In a case where two or more persons participate in the commission of a crime, the guilt of any particular defendant may be established without proof that he personally did every act constituting the offense charged. Section 2 of Title 18, United States Code, provides in pertinent part:
> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
> In order to aid and abet another to commit a crime, it is necessary that the defendant has wilfully associated himself in some way with the criminal venture and wilfully participated in the criminal venture as he would in something he wished to bring about; that is to say, that he wilfully sought something by some act or omission of his to make the criminal venture succeed.
> In other words, every person who wilfully participates in the commission of a crime may be found guilty of that offense. Participation is willful if done voluntarily and intentionally and with the specific intent to fail

> to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.
> It is not necessary that a defendant had agreed to, or even knew of, all the details, minor or otherwise, of the crime in order to aid and abet its commission. Nor is it necessary that the defendant participated in every phase of the scheme. You may not, of course, find the defendant guilty of aiding and abetting—and thus guilty of the substantive offense—unless you find, beyond a reasonable doubt, that every element of the particular offense as I have earlier defined it in these instructions was committed by some person or persons, and that the defendant participated in the commission of the offense as an aider and abetter.

None of the defendants objected to this instruction.

4. The testimony was as follows:
> Question [by Zucker]: Did you know, did you see anyone with a gun that day?
> Answer [by Gabriel]: No.
> Question: Did you know anyone had a gun that day?
> Answer: No.

## A. *Defendant Caba:*

■ Defendant Caba argues that the evidence presented was insufficient as a matter of law to support a finding by the jury that he was carrying a gun during and in relation to a drug trafficking offense. He claims that his acquittal as to Count Two shows that the jury found him guilty of conspiracy solely on the basis of his having a gun in his possession.

The evidence presented implicating Caba in the conspiracy was as follows. On December 7, 1988, Caba arrived at the apartment of Gabriel with the cocaine. While waiting for Detective Frascino, who was the buyer, Caba indicated that he could not wait long because it was getting late and he had to deliver the money. After Frascino arrived and was shown the cocaine in a back room, not in the presence of Caba, Frascino told Gonzalez he would obtain the money from the car. As Frascino went through the living room to obtain the money, Caba blocked his path until Frascino commented that the cocaine was of good quality. Finally, when the police arrived, Caba drew his gun in an apparent attempt to shoot one of the DEA agents.

In *Bourjaily v. United States*, 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987), the Supreme Court held that the party seeking to introduce a co-conspirator's statement must show, by "a preponderance of evidence" that there existed a conspiracy. *Id.* at 176, 107 S.Ct. at 2779; *United States v. Gibbs*, 739 F.2d 838, 843 (3d Cir. 1984) (en banc), *cert. denied*, 469 U.S. 1106, 105 S.Ct. 779, 83 L.Ed.2d 774 (1980). *Bourjaily* rejected the argument that a trial court may not examine the proffered statement in evaluating whether there was a conspiracy. *Id.* 107 S.Ct. at 2780–81. The proponent must offer *some* proof *aliunde*, but in determining whether the proponent has made the required showing, the trial court is permitted to examine the proffered hearsay statements in conjunction with evidence *aliunde* the statements themselves. *Id. Accord United States v. Levy*, 865 F.2d 551, 553 (3d Cir.1989).

In the instant case, the government met its burden. Gabriel testified to an arrangement with Gonzalez for the sale of drugs. This non-hearsay evidence showed the existence of a conspiracy. Gabriel's testimony establishing that there was a conspiracy, the fact that Caba was at the apartment at the time of the scheduled sale of the drugs, and Gabriel's testimony as to Caba's statement that he had to bring the money back, along with the testimony that Caba blocked Frascino's exit and drew a gun when the DEA agents arrived, was sufficient to show by a preponderance of the evidence that the requirements of Fed. R.Evid. 801(d)(2)(E) were met. Therefore, the proffered statement was admissible to prove Caba's participation in the conspiracy.

The totality of this evidence suggests that, even though Caba had not surfaced as a member of the conspiracy until December 7, 1989, he had been sent by the supplier of the drugs to safeguard a transaction that was substantially larger— almost ten times greater—than the previous transactions in which Gonzalez and Vasquez had participated. As the government argued in closing, Caba was armed because one cannot report a theft of cocaine to the police. Although the jury acquitted Caba of the possession charge, for whatever reason, there was sufficient evidence to convict Caba of conspiring to possess cocaine with intent to deliver.

Having determined that there was sufficient evidence to support the guilty verdict as to Count One, it is clear that there was sufficient evidence to support the conviction for the use or carrying of a gun during and in relation to a drug trafficking offense. In *United States v. Wilson*, 884 F.2d 174 (5th Cir.1989), the Fifth Circuit held that there was sufficient evidence to sustain a conviction under 18 U.S.C. § 924 on the basis of the presence of weapons and drugs in close proximity and the defendant's affirmative act of reaching for the weapon when the police appeared on the scene. *Id.* at 177. In this case, Caba was present, he was carrying a gun, stated that he could not wait long because he had to deliver the money, and when the DEA en-

tered the apartment, Caba reached for his gun. This evidence was sufficient.

### B. *Defendants Gonzalez and Vasquez:*

Defendants Gonzalez and Vasquez do not challenge their convictions for Counts One and Two, but attack the convictions for Count Three. Each defendant claims that the evidence was insufficient to show that Caba was a member of the conspiracy, and that even if he had been, there was no evidence to show either that Gonzalez or Vasquez were aiders and abetters as to the possession of the gun or that Caba carried the gun with the knowledge of either Gonzalez and Vasquez. They maintain there was no evidence to show that Caba's possession of a weapon was anything more than an unforeseeable, unilateral act.

The court has already determined that the evidence was sufficient to show that Caba was a member of the conspiracy. Defendants argue that there was no evidence to suggest that Vasquez or Gonzalez contemplated that Caba would carry a gun; indeed, they contend that the conspirators agreed that no violence would be used.[5] The government finally contends that there was sufficient evidence to convict the defendants on a *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), theory of conspiratorial liability.[6]

A defendant who is a member of a conspiracy may be charged with and convicted for substantive offenses committed by a co-conspirator in furtherance of the conspiracy at a time when the defendant was a member of the conspiracy. *United States v. Carter,* 576 F.2d 1061, 1064 & nn. 6 & 7 (3d Cir.1978). *See United States v. Benedetto,* 558 F.2d 171, 175–76 (3d Cir. 1977). In the instant case, there was sufficient evidence to allow a jury to find that Caba carried the gun in furtherance of the conspiracy to possess cocaine with the intent to deliver it. Accordingly, Gonzalez and Vasquez could have been properly convicted for the substantive offense committed by Caba in furtherance of the conspiracy.

It is unnecessary that the substantive crime for which a defendant is convicted be within the originally intended scope of the conspiracy. *United States v. Alvarez,* 755 F.2d 830, 850 (11th Cir.), *cert. denied sub nomine Hernandez v. United States,* 474 U.S. 905, 106 S.Ct. 274, 88 L.Ed.2d 235 (1985). *See Government of Virgin Islands v. Dowling,* 633 F.2d 660, 666 (3d Cir.), *cert. denied,* 449 U.S. 960, 101 S.Ct.

---

**5.** The court has received letters from defendants Vasquez and Gonzalez which were not sent though counsel. Those letters, which have been placed in the Clerk's file, claim that the defendants could not have known that Caba was carrying a gun. This opinion adequately addresses these arguments.

**6.** The court gave the following *Pinkerton* instruction:

If, in light of my instructions, you find, beyond a reasonable doubt, that a defendant was a member of the conspiracy charged in Count 1 of the Indictment, and thus guilty of the conspiracy count, then you may also, but you are not required to, find him guilty of the substantive crimes charged against him in Counts 2 and 3, provided you find, beyond a reasonable doubt, each of the following elements:

First, that the crimes charged in Counts 2 and 3 were committed;

Second, that the person or persons you find actually committed the crimes was a member of the conspiracy you found existed;

Third, that the substantive crimes in Counts 2 and 3 were committed in furtherance of the conspiracy you found to exist among the conspirators;

Fourth, that such defendant was a member of that conspiracy at the time the substantive crime was committed;

Fifth, that such defendant could have reasonably foreseen that the substantive crime would be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find such defendant or defendants guilty of the substantive crime charged against them, even though they did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find such defendant or defendants guilty of the substantive crime, unless the government proves, beyond a reasonable doubt, that such defendant or defendants personally committed, or aided and abetted the commission of, the substantive crime charged.

There were no objections to this portion of the charge.

374, 66 L.Ed.2d 228 (1980). It is sufficient that the substantive crime be "reasonably foreseeable as a necessary or natural consequence of the unlawful agreement." *United States v. Gualdado,* 794 F.2d 1533, 1535 (11th Cir.1986) (citing *Alvarez,* 755 F.2d at 848), *cert. denied sub nomine Fernandez v. United States,* 479 U.S. 1101, 107 S.Ct. 1327, 94 L.Ed.2d 178 (1987). *Accord United States v. Gironda,* 758 F.2d 1201, 1212 (7th Cir.1985). Courts have repeatedly recognized that it is reasonably foreseeable that members of a conspiracy to sell drugs may carry firearms, either to prevent theft or to evade arrest. *See United States v. Bruno,* 873 F.2d 555, 560 (2d Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 125, 107 L.Ed.2d 86 (1989); *Gualdado,* 794 F.2d at 1535; *Gironda,* 758 F.2d at 1212; *Alvarez,* 755 F.2d at 848–49.

In the instant case, it was for the jury to determine the factual question, whether Caba's carrying the gun was foreseeable to Gonzalez and Vasquez. *Bruno,* 873 F.2d at 560 (citing *Nye & Nissen v. United States,* 336 U.S. 613, 618, 69 S.Ct. 766, 769, 93 L.Ed. 919 (1949)). The drug transaction that was the object of the conspiracy alleged in the indictment was worth approximately $14,000. The jury was entitled to infer that it was reasonably foreseeable that one of the conspirators would be carrying a firearm in an effort to safeguard the transaction. Even accepting that Gonzalez and Vasquez agreed not to carry weapons because of Gabriel's children, it was nonetheless foreseeable that Caba, a new member of the conspiracy, would not know of the agreement and would carry a firearm.

CONCLUSION

For the foregoing reasons, the motions for judgments of acquittal will be denied.

An appropriate order will be entered.