[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15722
Non-Argument Calendar
_____

D. C. Docket No. 06-00388-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NELSON PAULINO GAMEZ-CRUZ,
a.k.a. Nelson Gamez-Cruz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 16, 2008)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Nelson Paulino Gamez-Cruz appeals his sentence of 63 months of

imprisonment for his assault on a federal officer with a dangerous weapon, 18 U.S.C. § 111(a)(1), (b). Gamez-Cruz argues that the district court erroneously enhanced his sentence for use of a dangerous weapon and the infliction of bodily injury and that his sentence is unreasonable. We affirm.

## I. BACKGROUND

Gamez-Cruz, a native and citizen of Honduras, was apprehended after he entered the United States a third time illegally. Agents of Immigration and Custom Enforcement discovered Gamez-Cruz in Tampa, Florida. The agents followed Gamez-Cruz as he drove away from his apartment in a truck. When Gamez-Cruz stopped his vehicle at a traffic light, the agents surrounded the vehicle and displayed their identification badges.

Agent Greg Ravenscroft opened the driver's door and ordered in Spanish for Gamez-Cruz to climb out of the vehicle. Gamez-Cruz surveyed his surroundings, then put his truck in reverse and sped backwards. Ravenscroft was caught between the driver's door of the truck and a police vehicle. Ravenscroft was taken to a local hospital and diagnosed with a sprained knee.

Gamez-Cruz was indicted for illegal reentry into the United States after removal, 8 U.S.C. § 1326(a), and assault on a federal officer with a deadly weapon, 18 U.S.C. § 111(a)(2), (b). The morning of trial, Gamez-Cruz entered a change of

2

plea. After the government established a factual basis for the pleas, Gamez-Cruz entered blind pleas of guilty to the two crimes, and the district court accepted the guilty pleas.

The presentence investigation report listed Gamez-Cruz's base offense level at 14, United States Sentencing Guidelines § 2A2.2(a) (Nov. 2004), increased it by four levels for use of a dangerous weapon, id. § 2A2.2(b)(2)(B), and increased it by three levels for inflicting a bodily injury, id. § 2A2.2(b)(3)(A). With a criminal history category of I, the report provided a sentencing range between 57 and 71 months of imprisonment.

Gamez-Cruz objected to the two enhancements. He argued that the door of a vehicle was not a dangerous weapon and a sprained knee did not constitute a bodily injury. Gamez-Cruz requested a sentence of 24 months of imprisonment. He argued that his personal characteristics, work history, low risk of recidivism, lack of association with illegal activity, and good behavior in prison awaiting trial supported his request for a below-guidelines sentence.

At the sentencing hearing, Gamez-Cruz repeated his objection to the two enhancements. Gamez-Cruz argued that he was startled by the federal agents and did not intend to injure Ravenscroft, but he admitted that he intended to "assault" Ravenscroft. Agent Ravenscroft testified about the assault, the pain and bruising

of his knee, the cartilage damage caused by the impact of the vehicle, and his ongoing treatment on arthritis medication.

The district court overruled Gamez-Cruz's objections to the enhancements. The district court found that "the evidence more than substantiate[d] the use of a dangerous weapon in the manner in which it was used, with the force with which the car door swung back. And the injury to the agent is obvious." The district court sentenced Gamez-Cruz to concurrent terms of 24 months of imprisonment followed by a supervised release of one year for the illegal reentry and 63 months of imprisonment followed by a supervised release of five years for the assault on a federal officer.

## II. STANDARDS OF REVIEW

We review de novo the application of the sentencing guidelines and findings of fact for clear error. United States v. Baker, 432 F.3d 1189, 1253 (11th Cir. 2005). We review the reasonableness of a criminal sentence for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 594, 596–97 (2007). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

4

# III. DISCUSSION

Gamez-Cruz presents three challenges to his sentence for the assault of a federal officer. First, Gamez-Cruz argues that the district court erred by enhancing his sentence by four levels because he did not intend to use his vehicle as a dangerous weapon. Second, Gamez-Cruz argues that the district court erred by enhancing his sentence by three levels because a knee sprain is not serious enough to qualify as a bodily injury. Third, Gamez-Cruz argues that his sentence is unreasonable. These arguments fail.

The record supports the enhancements for the use of a dangerous weapon and the infliction of bodily injury. The district court could reasonably infer that Gamez-Cruz used his vehicle as a dangerous weapon when he hit Agent Ravenscroft with sufficient speed and force to cause the truck door to buckle and dislodge and admitted that he intended to assault the agent. United States v. Gualdado, 794 F.2d 1533, 1535 (11th Cir. 1986) ("Almost any object which as used or attempted to be used may endanger life or inflict great bodily harm, or which is likely to produce death or great bodily injury, can in some circumstances be a 'dangerous weapon.'" (quoting United States v. Barber, 297 F. Supp. 917 (D.C. Del. 1969)). The assault caused Agent Ravenscroft bodily harm, including a sprained knee, significant bruising, and ongoing pain for about a year after the

5

arrest. <u>See</u> U.S.S.G. § 1B1.1 cmt. n.1(B). The district court did not err by applying these enhancements.

The district court did not abuse its discretion by imposing a sentence within the guideline range. In an effort to avoid his third deportation, Gamez-Cruz inflicted injury on a federal agent that could have resulted in the agent's death, and Gamez-Cruz did not accept responsibility for his actions until the morning of his trial. The district court explained that a sentence of 63 months of imprisonment "provide[d] just . . . punishment and deterrence." <u>See</u> 28 U.S.C. § 3553(a); <u>Gall</u>, 128 S. Ct. at 597. Gamez-Cruz's sentence is reasonable.

## IV. CONCLUSION

Gamez-Cruz's sentence is **AFFIRMED.**