NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1348
_____

UNITED STATES OF AMERICA

v.

DENISE BONFILIO,
                    Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-09-cr-00205-001)
District Judge: Honorable Joy Flowers Conti

_____

Submitted Under Third Circuit LAR 34.1(a)
March 2, 2015

Before: AMBRO, SCIRICA, and ROTH, Circuit Judges

(Opinion filed: May 28, 2015)

_____

OPINION*

_____

AMBRO, Circuit Judge

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In September 2012, Appellant Denise Bonfilio was convicted of multiple federal crimes stemming from her participation in a mortgage-fraud scheme. The District Court sentenced Bonfilio to 10 years of imprisonment, to be followed by three years of supervised release, and ordered her to make restitution in the amount of $4,035,546.86. She appeals, contending that (1) she is entitled to an evidentiary hearing on whether a trial witness's false testimony violated her right to due process, (2) her sentence resulted in an unwarranted sentencing disparity, and (3) the District Court's restitution order erroneously failed to provide joint and several liability with codefendant Deborah Kitay for the portion of restitution common to each of their sentences.

## I.  FACTS

Beginning in 2005, Bonfilio orchestrated a mortgage-fraud scheme in affluent neighborhoods in the Pittsburgh area. To obtain loan proceeds, she recruited a number of coconspirators to submit false mortgage applications to lenders. While Bonfilio intended to flip the properties at a profit, she instead quickly depleted the funds to support her expensive lifestyle, which included private-school tuition for her stepdaughter and luxurious vacations to New York City and the Hamptons.

Before Bonfilio's trial, her coconspirator and domestic partner, Deborah Kitay, pled guilty to her role in the fraud and received an 18-month prison sentence. Thereafter the Government called Kitay to testify against Bonfilio during its case-in-chief. Although on cross-examination Kitay denied that she was testifying against Bonfilio in exchange for favorable treatment just one month after Kitay's testimony, the Government moved the sentencing court for a downward departure in light of Kitay's "substantial

assistance" in prosecuting Bonfilio. As a result, Kitay's sentence was reduced to time-served. On January 24, 2014 the District Court sentenced Bonfilio as noted above.

After Bonfilio timely appealed her conviction and sentence, she filed a *pro se* motion in the District Court claiming that the Court erroneously ordered that she and Kitay each pay the full amount of restitution due to the victim financial institutions. In a post-trial order, the District Court acknowledged its restitution order erroneously might result in payment of restitution in an amount greater than the victims' losses, yet it held Bonfilio's notice of appeal divested it of jurisdiction to modify its order. Accordingly, it denied Bonfilio's motion but noted "[t]he court of appeals may instruct the court to clarify the order of restitution."

## II.    ANALYSIS

### A.    *Brady/Napue* Claims

Bonfilio first argues that she is entitled to an evidentiary hearing to determine whether Kitay "testified falsely that she had no agreement with the [G]overnment concerning the possibility of a sentence reduction in exchange for her testimony" at Bonfilio's trial. The Government argues Bonfilio's allegations are speculative, as she has presented no evidence to establish the existence of an undisclosed deal. Finally, it cites to Kitay's plea agreement, included in the parties' joint appendix, which contains no promise of leniency in exchange for her testimony.

Assuming an agreement between the Government and Kitay did exist, the Government's failure to disclose that deal in advance of trial would have violated the Supreme Court's decision in *Brady v. Maryland*, 373 U.S. 83, 87 (1963), which requires

3

the Government to disclose potentially exculpatory material to the defendant. Moreover, the Government's failure to correct Kitay's testimony denying the agreement would have independently violated *Napue v. Illinois*, 360 U.S. 264, 269 (1959), which prohibits the prosecution from allowing false testimony "to go uncorrected when it appears."

Rather than initially bringing these claims to the attention of the District Court through a motion for a new trial or otherwise, Bonfilio raises the matters for the first time on appeal. Under these circumstances, we see no reason to depart from our general rule of not considering an issue raised for the first time on appeal, particularly given that the evidence cited by the parties concerning Kitay's plea agreement lies outside the appellate record. *Cf. Gov't of Virgin Islands v. Harrigan*, 791 F.2d 34, 36 (3d Cir. 1986) ("The materials in [the] appendix were not presented to the trial court and are outside of the record in this case."). Although we decline to address this claim in the first instance,[1] our decision is without prejudice to any action Bonfilio may wish to take in the District Court, such as filing a *habeas corpus* petition under 28 U.S.C. § 2255. *See, e.g.*, *United States v. Ferri*, 778 F.2d 985, 997 (3d Cir. 1985).

## B.    Unwarranted Sentencing Disparity

Bonfilio next claims that the District Court abused its discretion by sentencing her to a greater term of imprisonment than her codefendant Jay Berger, thus creating an unwarranted sentencing disparity. As an initial matter, "a '[d]isparity of sentence

---

[1] While Bonfilio cites cases in which we have remanded criminal defendants' *Brady* claims to the district court for an evidentiary hearing, these cases all involved appeals from the court's denial of a motion for a new trial under Federal Rule of Criminal Procedure 33.

4

between co-defendants does not of itself show an abuse of discretion.'" *United States v. Hart*, 273 F.3d 363, 379 (3d Cir. 2001) (quoting *United States v. Cifuentes*, 863 F.2d 1149, 1156 n.5 (3d Cir. 1988)). Moreover, the District Court did consider the need to avoid an unwarranted sentencing disparity between Bonfilio and Berger's sentences but noted that the two individuals were not comparable because Berger, unlike Bonfilio, cooperated with the Government. Thus we find the District Court committed no error on this ground.

C.      **Restitution**

Finally, Bonfilio appeals the District Court's denial of her *pro se* motion, filed approximately six weeks after she was sentenced, challenging the Court's failure to make her restitution obligation joint and several with that of Kitay. While the District Court correctly held it lacked jurisdiction to grant Bonfilio's motion because she had filed a notice of appeal, it recognized that our decision in *United States v. Diaz*, 245 F.3d 294, 312 (3d Cir. 2001), forecloses a district court from "order[ing] multiple defendants to pay restitution in amounts that will result in the payment to the victim of an amount greater than the victim's loss." Accordingly, we accept the District Court's invitation to remand its restitution order to allow it to clarify that Bonfilio and Kitay's restitution obligations are joint and several.

*        *        *        *        *

Accordingly, we affirm the District Court's judgment and remand for the limited purpose of clarifying the restitution order.

5