**LEOCADIO CAMACHO, INC., Plaintiff**

**v.**

**ALLIANCE INSURANCE CO., Defendant**

Civil No. 137C/1976

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

March 2, 1977

JOHN B. NICHOLS, Christiansted, St. Croix, V.I., *for plaintiff*

GEOFFREY W. BARNARD (ISHERWOOD, COLIANNI, ALKON & BARNARD), Christiansted, St. Croix, V.I., *for defendant*

FINCH, *Judge*

## MEMORANDUM OPINION

This case raises an issue about which lawyers argue with great erudition, which invites a heated argument in a

law class and to which a layman shakes his head in wonderment. The question here to be decided is whether an insurance policy which recites that the insurance company shall not be liable for loss due to pilferage, theft, burglary or larceny means that the insurance company is not liable for damage to a structure which damage has been caused by an attempt to pilfer, burglarize, or commit larceny.

The facts are not in dispute. The matter is before the Court as a result of plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. This Court has authority to decide matters pursuant to a motion for summary judgment. 5 V.I.C. App. I, Rule 56, 5 V.I.C. App. IV, Rule 7.

On March 13, 1975, plaintiff and defendant entered into an insurance contract in which the defendant agreed to insure the property of the plaintiff located at No. 4 Estate Pearl, St. Croix, Virgin Islands. The insurance protected against risk of loss or damage and was for a period of three years. The defendant was required to pay an annual premium of $855.00 and was covered to the extent of $100,000 in damage.

Approximately seven months after the inception of the policy, the premises of plaintiff were unlawfully entered and acts of vandalism and malicious mischief were perpetrated upon the building and a safe within the structure was destroyed. The extent of damage to the structure was appraised at $250.00; the replacement value of the safe was set at $3,385.00. On October 7, 1975, plaintiff furnished the insurance company its proofs of loss and performed all conditions required under the contract and demanded payment for its loss and damage. Defendant insurance company denied liability under the contract.

The insurance contract sets out the usual terms of coverage in the contract document and in Section VI sets out that:

This Company shall not be liable for any loss specifically excluded under (a) the riot provisions of the Extended Coverage Endorsement, or (b) the Vandalism or Malicious Mischief Endorsement.

Attached to the basic contract is a document labeled "Extended Coverage Endorsement No. 4" and also attached is another document labeled "Vandalism and Malicious Mischief Endorsement (For use only with Extended Coverage Endorsement No. 4)". This latter document recites that:

When this endorsement is attached to a policy covering direct loss to the described property, this Company shall not be liable under this endorsement for any loss: . . . from pilferage, theft, burglary, or larceny.

The defendant contends that it is not liable for the loss of the safe nor damage to the property because the damage and destruction of the safe occurred in the course of a burglary. The plaintiff's contention is exactly opposite. Plaintiff claims that liability under the policy should not be denied merely because there was a burglary. Defendant's interpretation could mean that, when in the course of a burglary a structure was severely damaged, but nothing stolen, the insurer would not be liable. Stated succinctly, the Court must decide whether an act of burglary perpetrated on premises insured for loss, negates such coverage notwithstanding the fact that damage occurred and nothing was taken in the act of burglarizing.

 There is a well established line of cases which sets out guidelines for the construction of insurance policies. The thrust of these cases is to allow the insured to recover in ambiguous situations or situations in which the insurer seeks to apply an exclusion. "A contract of insurance is to be construed liberally in favor of the insured and strictly as against the insurer." Unkelsbee v. Homestead Fire Ins. Co. of Baltimore, 41 A.2d 168 (D.C. App. 1945); Kievet v. Loyal Protective Life Insurance Co., 34 N.J. 475, 170 A.2d

22 (1961); Sachs v. Commercial Ins. Co. of Newark, N.J., 119 N.J. Super 226, 290 A.2d 760 (1972). "Any exception in a policy of insurance altering the terms of general liability is to be taken and construed most strongly against the insurer." Unkelsbee, supra, Ohio Cas. Ins. Co. v. Flanagin, 44 N.J. 504, 210 A.2d 221 (1965); National Surety Co. v. Allstate Ins. Co., 115 N.J. Super. 528, 280 A.2d 248 (1971). "Insurance policies should be interpreted in a manner which would conform to the understanding of the general public which purchases them." Parnell v. Rohrer Chevrolet, 95 N.J. 471, 231 A.2d 824 (1967); Kievet, supra. Plaintiff's interpretation of the policy—that the theft exclusion applies to articles removed from the premises, not those damaged during the commission of the acts—is entirely reasonable. No insurer wishes to open itself to unknown liability for theft of items that might be inside a safe or vault. However, furnishings, structures are easily valued and the insurer knows the extent of any liability in advance of its loss.

■■ The insured argues that the exclusion provisions of paragraph 3 apply only to that which is taken from premises covered by the insurance policy. And in fact to a layman the juxtaposition of "pilferage", "theft", "burglary" and "larceny" in that paragraph could reasonably be understood to refer to the unlawful removal of property. The defendant points out that the crime of burglary generally does not require the actual taking of property. This is in fact the case in the Virgin Islands. Title 14 V.I.C. §§ 441–444. However, the legal definition of burglary is not persuasive evidence of plaintiff's reasonable understanding of the coverage provided by defendant's insurance policy, and is not relevant under the legal standards specified above.

■ In Allstate Insurance Co. v. Coin-O-Mat, Inc., 202 So.2d 598 (D.C. App. Fla. 1967), the court ruled in favor

of a policy holder whose washing machines were severely damaged in an attempt to remove the coins. As in the instant case, the policy contained an exclusion for theft or burglary loss. Said the court:

> The evidence before the court was sufficient to establish without conflicting inferences that the plaintiff suffered a direct loss to its insured property through vandalism or malicious mischief, which loss is not excluded from coverage even though it may have occurred in the course of an actual or attempted theft or burglary.

In Parnell v. Rohrer Chevrolet, 95 N.J. 471, 231 A.2d 824 (1967), the court discussed vandalism and theft at great length, prior to ruling in favor of the insured. In the Parnell case, an automobile was stripped of its most valuable parts leaving only the bare frame of the vehicle. Where destruction is "gross and deliberate . . . the executed intent of the spoiler to steal" does not affect the meaning of vandalism as understood by the average person. Id. at 828. The modern concept, as stated by the court, is that "while the items taken have been stolen, the property or article as a whole has been vandalized by the damaging stripping antecedent to the theft." Id. at 829.

In the instant case, the only certainty is that the plaintiff's safe was deliberately and severely damaged. In that respect, vandalism has occurred for which the plaintiff should be allowed to recover.

The insurance company states in its memorandum that it "is not urging the Court to adopt a position whereby the insured may never recover for acts of vandalism and malicious mischief which occur during the course of a burglary". But it would restrict its liability to those cases in which the damage being claimed does not bear "a clear, functional relationship to the burglary." In other words, only if the damage was not related to burglary would it admit liability.

■ The short answer to that contention is that denial of recovery cannot be justified on the basis of speculation as to the motives of intruders. The Court would be required to speculate as to whether or not destruction occurred wilfully and maliciously.

### JUDGMENT

For the reasons stated above, it is hereby ADJUDGED, ORDERED and DECREED, that

1. The plaintiff is hereby awarded judgment in the sum of $3,237.50.

2. That the plaintiff be and is hereby awarded attorney's fees and costs. The plaintiff shall submit an affidavit to this Court within ten days of entry hereof supporting the award of attorney's fees and costs.