**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**HECTOR QUINONEZ, Defendant**

Civil No. 46/1979

District Court of the Virgin Islands

Div. of St. Croix

February 10, 1981

MELVIN H. EVANS, JR., ESQ., Assistant United States Attorney (Office of the United States Attorney), Christiansted, St. Croix, V.I., *for plaintiff*

JOSE QUINONEZ, ESQ., Petersburg, Virginia, U.S.A., *for defendant*

PETERSEN, *Judge*

## MEMORANDUM

On July 27, 1979, petitioner Jose Quinonez was sentenced to five years' imprisonment upon his guilty plea to burglary in the third degree (14 V.I.C. § 444) and 10 years' imprisonment upon his guilty plea to grand larceny (14 V.I.C. §§ 1081, 1083). It was ordered that the sentences be served consecutively. Quinonez now petitions the court either pursuant to 5 V.I.C. §§ 1301 et seq. or 28 U.S.C. § 2255 and challenges his consecutive sentences as in violation of the double jeopardy clause of the Fifth Amendment. For the reasons stated herein, the petition will be summarily dismissed.

■ The Fifth Amendment of the U.S. Constitution is applicable in the Virgin Islands pursuant to § 3 of the 1954 Revised Organic Act. The double jeopardy clause of the Fifth Amendment serves three primary purposes:

> First, it protects against a second prosecution for the same offence after an acquittal. Second, it protects against a second prosecution for the same offense after a conviction. Third, it protects against multiple punishments for the same offense. See North Carolina v. Pearce, 395 U.S. 711, 717 (1969); Brown v. Ohio, 432 U.S. 161, 165 (1977). Obviously, the scope of each of these three protections turns upon the meaning of the words "same offense," a phrase deceptively simple in appearance but virtually kaleidoscopic in application. Indeed, we have indicated on at least one prior occasion that the meaning of this phrase may vary from context to context, so that two charges considered the same offense so as to preclude prosecution on one charge after an acquittal or conviction on the other need not be considered the same offense so as to bar separate punishments for each charge at a single proceeding. See Brown v. Ohio, supra, at 166–167, n.6.
>
> Whalen v. United States, 445 U.S. 684, 700 (1980) (Rehnquist, J. dissenting).

Quinonez' petition implicates the third concern of the double jeopardy clause: protection against multiple punishments for the same offense.

The law concerning the multiple punishment aspect of double jeopardy has been in an uproar since the U.S. Supreme Court's Whalen

decision. The majority[1] opinion in Whalen indicated, without so holding, that legislative intent might be the only inquiry when examining a double jeopardy claim of multiple punishment. Four Justices in one dissenting and two concurring opinions[2] took the full step and concluded that the double jeopardy clause was no impediment to a legislative decision to authorize multiple punishment for the same conduct or offense. The Whalen decision was clear in its treatment of the same evidence test set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932).[3] Although the Blockburger test was only recently referred to as the constitutional measure for double jeopardy issues Simpson v. United States, 435 U.S. 6, 10–12 (1978) and "is the most frequently used test throughout the country" Campbell, Basic Sentencing Principles § 74 (1978 ed.), the Whalen decision demoted the test to a mere rule of statutory construction to be used in determining legislative intent. Whalen, supra at 691.

The Supreme Court has twice commented on its decision in Whalen. In Busic v. United States, 446 U.S. 398, 100 S.Ct. 1747, 27 Crl 3109 (May 1980), two concurring Justices and one dissenting Justice reiterated their positions that the legislature is not limited by the double jeopardy clause in multiple punishment cases. In *dictum* in United States v. DiFrancesco, 499 U.S. 117, 101 S.Ct. 426 at 438 (Dec. 1980) a five-member majority cited Whalen for the proposition that multiple punishment is permissable if authorized by the legislature.

The Whalen decision and the Supreme Court's subsequent references to the decision have left the lower courts in an uncomfortable position. It is unclear whether legislative intent is the only double jeopardy test in multiple punishment cases or whether there is some ultimate double jeopardy limit to the punishment that a legislature might authorize. If there is such a constitutional limit, it is no longer clear that the Blockburger test is the measure of compliance, nor is it clear what other test might be the proper measure.

Not surprisingly, the lower courts have reacted with resistance to the Whalen decision, particularly when faced with what appears to

---

[1] Stewart, J., delivered the opinion of the Court, in which Breman, Marshall, Powell and Stevens, JJ., joined.

[2] White, J., filed a concurring opinion; Blackman, J. filed a concurring opinion; and Rhenquist, J. filed a dissenting opinion, in which Burger, C.J., joined.

[3] "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger, supra at 304.

be legislatively approved multiple punishment of a single offense. In Hunter v. State, 420 A.2d 119 (Del. Supr. 1980) the Delaware Supreme Court reconsidered an earlier decision in light of the Whalen decision. The court refused to hold that when legislative intent is clear, the legislature may authorize multiple punishment for the same offense. The court noted that the "primary responsibility for safeguarding (double jeopardy's protection against multiple punishment) . . . , as with any of the constitutional mandates, lies with the Judiciary", id. at 129, and stated that to accept the proposition that the legislature was not bound by the double jeopardy clause ". . . would require this court to abdicate its constitutional responsibility and remove from our fundamental system of checks and balances the most effective limitation on legislative power—judicial review." Id. at 130. The court concluded that:

> We are not convinced that Whalen controls the instant case in view of the ambiguities contained therein which we find in unexplained conflict with prior double jeopardy principles which we thought settled. We are unwilling to abandon those principles until the United States Supreme Court has more clearly and definitely abandoned them. Id.

The Delaware court circumvented the demotion of the Blockburger test by adopting a "Blockburger-like rule of substantive law to determine when two sentences constitute punishment for the same offense" Id. at 131.

Similarly, on remand from the U.S. Supreme Court for reconsideration in light of the Whalen decision, in Sours v. State, 603 S.W.2d 592 (Mo. 1980) the Missouri Supreme Court refused to hold that the legislature is free to impose separate punishments for two crimes that constitute the same offense under the traditional Blockburger test. The Missouri Supreme Court stood by its earlier decision (Sours v. State, 593 S.W.2d 208 (Mo. 1980)) which employed the Blockburger test in determining whether multiple sentences were proper, regardless of legislative intent.

Fortunately, in the matter sub judice, this court is not forced to determine whether Whalen eliminated any double jeopardy restraints on the legislature's power to prescribe punishments. Quinonez' sentences are valid under both the legislative intent analysis and the traditional Blockburger analysis.

■ The Virgin Islands legislature has clearly authorized separate punishments for the crime of burglary (in any degree) and any

offense actually committed within the structure entered.[4] If Whalen holds that legislative intent is the only limit to multiple sentences, Quinonez' sentence is proper.

■ Quinonez' convictions for grand larceny and burglary third degree each required proof of a different fact and thus his convictions pass the Blockburger test. Quinonez' burglary conviction required proof of breaking, entering and an intent to commit larceny,[5] which intent was present at the time of the breaking and entry. 14 V.I.C. § 444. Quinonez' grand larceny conviction required proof of the unlawful taking of the property of another which property was valued at over $100.00. 14 V.I.C. §§ 1081, 1083. Neither offense required proof of the same facts required for conviction of the other offense.

Since Quinonez' sentencing is proper under both the legislative intent only test and the Blockburger test, the sentence is clearly not in violation of the double jeopardy clause of the Fifth Amendment. Accordingly, Quinonez' petition will be dismissed.

### ORDER

The premises considered and the court being fully informed,

IT IS ORDERED that the above entitled petition be, and hereby is denied.

---

[4] 14 V.I.C. § 446 provides:
"Whoever, having entered a building under circumstances which constitute burglary in any degree, commits any offense therein, shall be punished therefor as well as for the burglary . . ."

[5] The proper application of the Blockburger test is no longer an examination of two statutes in the abstract to determine if each statute might require proof of an element not required in proof of the other. Rather, the required statutory elements must be examined in light of the particular case before the court. Thus a felony murder premised on the felony of rape merges with the rape offense despite the fact that the felony murder statute authorizes conviction based on felonies other than rape. Whalen, supra. Thus, simply because Quinonez might have been convicted of breaking and entry with intent to commit some felony other than grand larceny does not mean that the Blockburger test has been met. The court must examine the actual elements necessary for the two convictions before it. Pandelli v. United States (6th Cir. 1980) 635 F.2d 533, 28 CrL 2280; See Illinois v. Vitale, 447 U.S. 410, 27 CrL 3190 (1980); See also, Sours v. State, 593 S.W.2d 208 (Mo. 1980); see, also, United States v. Busic (3rd Cir. 1978), 587 F.2d 777, reversed on other grounds 446 U.S. 398, 100 S.Ct. 1747, 27 CrL 3109 (1980).