

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-5-2003

# Govt of VI v. Edwards

Precedential or Non-Precedential: Non-Precedential

Docket 01-4316

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Govt of VI v. Edwards" (2003). *2003 Decisions.* Paper 757.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/757

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 01-4316

———————

GOVERNMENT OF THE VIRGIN ISLANDS

v.

KENNETH EDWARDS,
a/k/a Kevin James,
a/k/a William Oberg

Kenneth Edwards,
Appellant

———————————————

On Appeal from the Appellate Division of the
District Court of the Virgin Islands, Division of St. Thomas and St. John
D.C. Criminal No. 97-cr-00014-1
(Honorable Raymond L. Finch and
Honorable Thomas K. Moore, United States District Judges,
and Honorable Edgar D. Ross, Territorial Court Judge)

———————

Argued November 8, 2002

Before: SCIRICA, ALITO and RENDELL, Circuit Judges

(Filed: March 5, 2003)

RICHARD H. DOLLISON, ESQUIRE (ARGUED)
Stryker, Duensing, Casner & Dollison
Drakes Passage, 2nd Floor
P.O. Box 6785
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00804

      Attorney for Appellant


MAUREEN PHELAN, ESQUIRE (ARGUED)
RICHARD DAVIS, ESQUIRE
Office of Attorney General of Virgin Islands
Department of Justice
48B-50C Kronprindsens Gade
GERS Building, 2nd Floor
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00802

      Attorneys for Appellee

---

## OPINION OF THE COURT

---

SCIRICA, *Circuit Judge*.

Kenneth Edwards was convicted of aiding and abetting grand larceny and conspiracy to commit grand larceny. We have jurisdiction under 48 U.S.C. § 1613a(c). We will affirm.

## I

A jury in the Territorial Court of the Virgin Islands found Kenneth Edwards guilty of aiding and abetting grand larceny, 14 V.I. Code Ann. §§ 1081, 1083(1), and conspiracy, *id.* §§ 1081, 1083(1), 551(1), based on his role in a scheme to steal a wallet of diamonds from

2

the Cardow Diamond Center in Charlotte Amalie, St. Thomas. Also involved in the scheme were Lisa Davis, Rufus Jones and an unnamed minor.[1] Davis was convicted of grand larceny and conspiracy to commit grand larceny. An aiding and abetting charge against Jones was dismissed and the jury acquitted him of a conspiracy charge. The minor was adjudicated delinquent and held at Youth Corrections until her eighteenth birthday.

At the same jury trial, Lisa Davis also was accused of a crime stemming from a separate incident. Davis was charged with and convicted of receiving or possessing stolen property, 14 V.I. Code Ann. § 2101(a), in connection with a ring stolen from the Royal Caribbean store in St. Thomas ("the Royal Caribbean Incident").[2]

The larcenous scheme to steal diamonds was initiated in the New Jersey-Pennsylvania area, when on April 20, 1996 the four individuals flew to the Virgin Islands with airplane tickets purchased under false names. They all lodged at the Emerald Beach Resort, again booked under false names. On April 21, 1996, the four entered the Cardow Diamond Center, separated and took different positions in the store. Edwards diverted a store clerk's attention, while Davis crawled behind a counter and grabbed a wallet of loose diamonds. At one point, Edwards even held the clerk's head down against a countertop, under the guise of directing the clerk to certain items in which Edwards claimed to have

---

[1]The participants in the scheme have various aliases. We use the names Kenneth Edwards, Lisa Davis and Rufus Jones when referring to the three named participants.

[2]In its brief, the government claims it "had evidence that [Edwards] assisted [Davis] in pilfering the ring at Royal Caribbean by acting in such a way that she had an opportunity to do so." But apparently Edwards was not prosecuted in connection with the Royal Caribbean Incident.

interest.[3]  When Davis succeeded in the theft, she left the store and was observed signaling

or waving to Edwards, who also left without making a purchase.

A surveillance camera captured Davis crawling on the floor and stealing the

diamonds.[4]  That evening, an employee of Cardow, who had viewed the surveillance video,

recognized Davis at the Emerald Beach Resort.  Another Cardow employee identified both

Davis and Edwards the following day.  Edwards and Davis were arrested the next day.[5]

Following conviction, Edwards was sentenced to two concurrent twenty-year terms.

The maximum penalty for aiding and abetting grand larceny is ten years imprisonment, 14

V.I. Code Ann. § 1083, and for conspiracy to commit grand larceny, five years, 14 V.I.

Code Ann. § 551.  But the judge increased the terms on each count to twenty years based on

---

[3]The Cardow store manager "testified that during the trial, while the jury was on a 'view' of the crime scene at Cardow . . . , he personally overheard Edwards tell Davis that 'they' would not be able to see her (Davis) in the [surveillance] tapes crawling behind the counter because of the way he (Edwards) positioned a bag on the counter."  *Gov't of the V.I. v. Davis*, 35 V.I. 72, 76 (Terr. Ct. 1997).  For a more detailed description of the facts of this case, see *id.* at 74-77.

[4]"Davis, after being given her *Miranda* warnings, waived them and admitted *inter alia* that she was the female on the video tape crawling behind the counter and stealing the wallet of loose diamonds."  *Davis*, 35 V.I. at 76 (footnote omitted).

[5]Following Edwards's arrest, other evidence tied him to the theft.  During his "booking," a witness saw Edwards reach into his pants, remove blue paper wrappings and swallow the contents.  Later on, a police officer found diamond wrappers that Cardow uses for its loose diamonds in the immediate area where the witness observed Edwards's activities.  This suggested that what the witness observed was Edwards unwrapping and swallowing some of the stolen diamonds.

a recidivist statute, 14 V.I. Code Ann. § 61(a).[6]  Moreover, under the recidivist statute,

Edwards was precluded from the possibility of a suspended sentence, probation, parole or

any form of release for ten years.  *Id*.

Edwards appealed to the Appellate Division of the District Court of the Virgin

Islands.  His conviction and sentence, in relevant part,[7] were affirmed and Edwards now

appeals to this court.

## II

Edwards raises six issues on appeal.  We first address Edwards's challenges to his

sentence, as this was the focus at oral argument.  We then consider Edwards's other

contentions.

---

[6]Edwards admitted to a prior felony.

[7]The Appellate Division found no error in the trial court's sentencing Edwards to two concurrent twenty-year terms and in precluding a suspended sentence, probation, parole or any form of release for ten years.  But the Appellate Division "remand[ed] for the Territorial Court to amend its judgment by removing the restitution order."  *Edwards v. Gov't of the V.I.*, 1997-014, at 15 (D.V.I. Sept. 25, 2000).  Because the government does not challenge the remand, it will stand without our addressing the matter.

## A.     The Propriety of the Sentencing Determination

Edwards makes two related arguments on his sentence.  Because the first contention involves a matter of law, our review is plenary.  *See, e.g.*, *A & H Sportswear Inc. v. Victoria's Secret Stores, Inc.*, 166 F.3d 197, 202 (3d Cir. 1999).

The Virgin Islands recidivist statute provides in part:

> Whoever . . . has been convicted of an offense which would be a felony in the Virgin Islands, shall upon a subsequent conviction of a felony in the Virgin Islands be incarcerated for a term of imprisonment of not less than ten years and may be incarcerated for the remainder of his natural life if such subsequent felony for which the person is convicted in the Virgin Islands was committed within ten (10) years after the date the person has completed serving his sentence on the prior felony conviction. *If the last conviction is for a crime of violence, as defined in Title 23, section 451[(e)] of the Code*, imposition or execution of this minimum period of incarceration shall not be suspended, nor shall probation be granted; neither shall parole or any other form of release be granted for this minimum period of incarceration.

14 V.I. Code Ann. § 61(a) (emphasis added).[8]

Title 23, section 451(e) of the Virgin Islands Code provides:

> "Crime of violence" means the crime of, or the attempt to commit, murder in any degree, voluntary manslaughter, rape, arson, discharging or aiming firearms, mayhem, kidnapping, assault in the first degree, assault in the second degree, assault in the third degree, robbery, burglary, unlawful entry or larceny.[9]

---

[8]We note that Title 14, section 61(a) of the Virgin Islands Code refers to crimes of violence as defined in Title 23, section 451 of the Code.  But the government contends, and Edwards concedes, there is a scrivener's error in Title 14, section 61(a) and the section should reference Title 23, section 451(e).  As such, we proceed with the understanding that Title 14, section 61(a) should read "If the last conviction is for a crime of violence, as defined in Title 23, section 451(e) of the Code, . . . ."

[9]"[D]ischarging or aiming firearms" was added in 2001.  This addition does not affect

(continued...)

Edwards challenges the trial court's determination that, under the recidivist statute, his grand larceny conviction is a "crime of violence" mandating a "minimum mandatory sentence of ten years without the possibility of probation, parole, or any form of release," *Edwards*, 1997-014, at 11 (quoting the trial court's judgment). Edwards contends his conduct involved no violence, rendering inapplicable the recidivist statute's bar against release. *See, e.g.*, *Gov't of the V.I. v. Berry*, 604 F.2d 221, 225 (3d Cir. 1979) (quoting *United States v. Kirby*, 74 U.S. (7 Wall.) 482, 486-87 (1868)) ("All laws should receive a sensible construction.").

The recidivist statute's bar against release applies when a repeat offender's subsequent crime is defined as a "crime of violence" under 23 V.I. Code Ann. § 451(e). The recidivist statute employs the term "crime of violence" as a placeholder for several different crimes and imposes special punishment when a repeat offender's subsequent crime is so defined. We recognize that certain "crimes of violence," including larceny and unlawful entry, do not ordinarily involve actual violence. But awkward nomenclature aside, the Virgin Islands legislature clearly intended the recidivist statute's bar against release to apply whenever a repeat offender's subsequent offense is on the list in 23 V.I. Code Ann. § 451(e).[10] Under a plain meaning interpretation, we must give effect to the statutory

---

[9](...continued)
our analysis.

[10]Edwards's contention that because larceny does not involve violence, it cannot constitute a "crime of violence" does not answer the legislature's listing larceny in 23 V.I. Code Ann. § 451(e), and the reference in 14 V.I. Code Ann. § 61(a).

7

language.  *E.g.*, *Caminetti v. United States*, 242 U.S. 470, 485 (1917) ("[T]he meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the . . . authority of the law-making body which passed it, the sole function of the courts is to enforce it according to its terms.").

**B.      The Proportionality of the Sentencing Determination**

Edwards also contends his sentence violates the Eighth Amendment.  Because his prior and subsequent crimes were non-violent, Edwards maintains the concurrent twenty-year terms, and the bar against a suspended sentence, probation, parole or any form of release for the first ten years, are punishments "grossly disproportionate" to his crimes. *United States v. Salmon*, 944 F.2d 1106, 1130 (3d Cir. 1991).  We review discretionary rulings under an abuse of discretion standard, *e.g.*, *United States v. Haut*, 107 F.3d 213, 216 (3d Cir. 1997), and questions of law *de novo*, *e.g.*, *A & H Sportswear*, 166 F.3d at 202.

We see no constitutional infirmity.  These are permissible judgments made by the Virgin Islands legislature. *See, e.g.*, *Rummel v. Estelle*, 445 U.S. 263, 285 (1980) ("[T]he point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that the recidivist will be isolated from society are matters largely within the discretion of the punishing jurisdiction.").  As discussed, the Virgin Islands legislature employed the term "crime of violence" as a placeholder for certain crimes,

8

which are listed in 23 V.I. Code Ann. § 451(e). If a crime is so listed, then the recidivist statute's bar against release applies.[11]

**C.     The Plea Bargain**

Edwards contends the Territorial Court impermissibly rejected a plea agreement reached between himself and the government. We review for abuse of discretion. *E.g.*, *United States v. Martin*, 287 F.3d 609, 621 (7th Cir. 2002); *United States v. Gamboa*, 166 F.3d 1327, 1330-31 (11th Cir. 1999). We see no error.

The circumstances of the plea agreement and its rejection are unclear because, while all parties involved seemingly believed the proceeding was being transcribed, this apparently did not occur. Edwards focuses on this defect as a reason to re-examine and reject the Territorial Court's decision.

But Edwards offers no support for his claim that the Territorial Court erred in rejecting the plea agreement. While Edwards suggests the court may have rejected the plea agreement because it was untimely, he offers no reason why this was an abuse of discretion.[12] Edwards also claims the court's action constituted impermissible interference

---

[11]We also see no error in sentencing Edwards to two concurrent twenty-year terms. When a person, already convicted of an offense that would be a felony in the Virgin Islands, is convicted of another felony, there is a ten-year minimum sentence for the subsequent crime and no stated maximum. *See* 14 V.I. Code Ann. § 61(a). That Edwards's prior and subsequent offenses were non-violent does not affect the analysis.

[12]We agree with the Appellate Division that Terr. Ct. R. 126 does not regulate the timeliness of plea agreements. *Edwards*, 1997-014, at 3-4 & n.2. The previous version of Fed. R. Crim. P. 11, made applicable under Terr. Ct. R. 7, *see infra* Section II.D, had a provision regulating the deadline for notifying the court of a plea agreement. *See* Fed. R.

(continued...)

9

with prosecutorial discretion, citing *In re Richards*, 213 F.3d 773 (3d Cir. 2000), and

*Dawsey v. Gov't of the V.I.*, 931 F. Supp. 397 (D.V.I. 1996). But these cases are inapposite

because they address rejections of prosecutorial decisions not to prosecute, not rejection

of a plea agreement. Edwards's arguments are unavailing.

**D.     Severance**

Edwards claims the Territorial Court improperly denied his motion to sever his trial

from that of his co-defendants. We review for abuse of discretion. *See Zafiro v. United*

*States*, 506 U.S. 534, 541 (1993).

Terr. Ct. R. 7 provides that the "Territorial Court shall be governed by the Rules of

the Territorial Court and, to the extent not inconsistent therewith, by . . . the Federal Rules

of Criminal Procedure." The Virgin Islands court rule governing joinder provides, in part,

"[a] judge may order that two or more complaints be tried together if the offenses arose out

of the same facts and circumstances, regardless of the number of defendants." Terr. Ct. R.

129. Fed. R. Crim. P. 8(b) states a similar principle. *See also* Fed. R. Crim. P. 14.[13]

Edwards contends severance was appropriate for two reasons. First, he claims that

evidence against Davis regarding the Royal Caribbean Incident prejudiced the jury against

---

[12](...continued)
Crim. P. 11(e)(5). This provision has been deleted from the current version of Rule 11, effective December 1, 2002. Whether or not the former or current version of the Rule applies here, Edwards offers no reason why the rejection of his plea agreement as untimely was an abuse of discretion.

[13]Fed. R. Crim. P. 8 and 14 also have been recently amended. The amendments do not affect our analysis.

him.  Second, Edwards asserts the surveillance video showing Davis taking the diamonds in the Cardow larceny also prejudiced him.  We disagree.

In a separate trial of Edwards, the surveillance video of Davis's actions in the Cardow theft would be probative and admissible.  *See* Fed. R. Evid. 402 ("All relevant evidence is admissible, except as otherwise provided . . . .").  Furthermore, the trial court took significant steps to ensure that the evidence regarding the Royal Caribbean Incident would not prejudice the jury.  The court ruled that any mention of Edwards would be prohibited in questioning witnesses regarding the Royal Caribbean Incident.  The court also instructed the jury to consider only the evidence offered against each defendant.  Because "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice," *Zafiro*, 506 U.S. at 539, we see no abuse of discretion in denying Edwards's severance motion.

**E.     Sufficiency of the Evidence Regarding the Aiding and Abetting Charge**

Edwards contends the government did not proffer sufficient evidence for his conviction of aiding and abetting grand larceny. We view the evidence in the light most favorable to the government. *E.g.*, *United States v. Schramm*, 75 F.3d 156, 159 (3d Cir. 1996). A verdict will only be overturned "if no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." *United States v. Coleman*, 811 F.2d 804, 807 (3d Cir. 1987) (quotation omitted).

The evidence at trial was more than sufficient for the jury to conclude that Davis committed grand larceny and that Edwards purposely aided and abetted her. Davis was caught on tape stealing the diamonds. Edwards distracted the store clerk so that Davis could succeed in the heist. This alone was sufficient. Further evidence suggested that Edwards swallowed some of the stolen diamonds. Also, there was the incriminating testimony regarding Edwards's claim that the surveillance cameras could not have caught Davis because he placed the bag to obstruct the view. When this and other proffered evidence is viewed in the light most favorable to the government, we cannot say that "no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." *Id.*

**F.    Sufficiency of the Evidence Regarding the Conspiracy Charge**

Edwards also maintains the government did not prove he committed the conspiracy set forth in the information. The information, in part, charges Edwards with conspiracy "to unlawfully take, steal, or drive away of the personal property of another, to wit a wallet of loose diamonds owned by Cardow." The information is sufficient. Viewing the evidence in the light most favorable to the government, *e.g.*, *Schramm*, 75 F.3d at 159, we see no error.

**III**

For the reasons discussed, we will affirm the judgment of conviction and sentence.

_____

 /s/ Anthony J. Scirica
Circuit Judge