**EUGENE MONSANTO, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

D.C. Criminal App. No. 2004-129

District Court of the Virgin Islands

Division of St. Thomas and St. John, Appellate Division

July 7, 2009

DEBRA SMITH-WATLINGTON, Territorial Public Defender, St. Thomas, USVI, *Attorney for the Appellant.*

MAUREEN PHELAN, Department of Justice, St. Thomas, USVI, *Attorney for the Appellee.*

FINCH, *Chief Judge, District Court of the Virgin Islands*; GÓMEZ, *Judge of the District Court of the Virgin Islands*; and ROSS, *Judge of the Superior Court of the Virgin Islands, Sitting by Designation.*[1]

## MEMORANDUM OPINION

(July 7, 2009)

Following a jury trial in the Superior Court of the Virgin Islands, Eugene Monsanto ("Monsanto" or "appellant") was found guilty of unlicensed possession of a firearm and sentenced to fifteen years in prison. On appeal, Monsanto asserts that there was insufficient evidence for the Superior Court to find him guilty and that his sentence violates the Eighth amendment prohibition against cruel and unusual punishment. For the reasons set forth below, the Court will affirm the Superior Court's judgment and sentence.

## I. FACTS AND PROCEDURAL HISTORY

On May 13, 2002, detectives David Monoson and George Greene were driving a police car in St. Thomas when they saw a green Chevrolet sedan swerving back and forth across the road. They stopped the vehicle and Monoson asked the driver, Eugene Monsanto, for his license, registration and insurance.

After, Monsanto presented his New York State driver's license, Monoson advised him that he would have to get a local license if he stayed in the Virgin Islands. Monsanto then consented to a search of the automobile. While searching the backseat of the car, Greene found a loaded gun with an obliterated serial number. Following a jury trial in January, 2004, Monsanto was found guilty of unauthorized possession of a firearm. At the sentencing hearing, the Superior Court found that Monsanto had previously been found guilty of a felony and sentenced him to fifteen years in prison. This timely appeal followed.

---

[1]    While Judge Ross participated in the panel discussion, he did not participate in the decision after his retirement.

530

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction over appeals of final judgments and orders of the Superior Court filed before January 29, 2007, the date on which the Supreme Court of the Virgin Islands was certified as ready to assume such jurisdiction. *See* Revised Organic Act of 1954 23A, 48 U.S.C. § 1613a;[2] V.I. CODE ANN. tit. 4, § 33 (2002).

"A defendant who challenges the sufficiency of the evidence bears a heavy burden." *Herbert v. Gov't of the V.I.*, 47 V.I. 541, 545 (D.V.I. App. Div. 2005) (citing *United States v. Carr*, 25 F.3d 1194 (3d Cir. 1996)). In reviewing such a challenge, the Appellate Court "must view the evidence in the light most favorable to the government and must sustain the jury's verdict if a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offense." *United States v. Syme*, 276 F.3d 131, 156 (3d Cir. 2002) (citations omitted). Our review of constitutional claims is plenary. *Nibbs v. Roberts*, 31 V.I. 196, 204 (D.V.I. App. Div. 1995).

## III. ANALYSIS

### A. Sufficiency of the Evidence

Monsanto contends there was insufficient evidence for a jury to convict him of unauthorized possession of a weapon. Specifically, Monsanto argues that the government failed to prove that he had constructive possession of the weapon because there was no evidence connecting him to the gun. Monsanto also contends that the government presented no evidence that Monsanto had knowledge about the presence of the gun.

■ To sustain its burden on this charge, the government must have proven: 1) that Monsanto knowingly possessed the firearm; and 2) that such possession was not authorized by law.[3] Possession may be actual or

---

[2]    The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2000), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit. 1).

[3]    14 V.I.C. §2253(a) states in part:

Whoever, unless authorized by law, has, possesses, bears, transports, or carries either actually or constructively, openly or concealed, any firearm . . . if such person shall be convicted of a felony in any state . . . shall be fined $25,000 and sentenced to not less than fifteen (15) years and not more than twenty (20) years.

constructive. V.I. CODE ANN. tit. 14, § 2253(d)(4). Constructive possession is defined as "having the power and the intention at any given time to exercise dominion or actual control over the firearm either directly or through another person." *Id.* at § 2253(d)(5).

▮ To prove possession of the weapon, the government presented evidence that Monsanto was the owner, driver, and sole occupant of the automobile when the gun was found. (J.A. 28, 33.) These facts permit the jury to infer that the appellant was in constructive possession of the firearm. *See United States v. Willis*, 89 F.3d 1371, 1377 (8th Cir. 1995) ("A person has constructive possession of contraband if he has . . . dominion over the premises in which the contraband is concealed.").[4]

▮ From these facts, a jury could infer Monsanto's knowledge of the gun.[5] *See United States v. Inocencio*, 40 F.3d 716, 724 (5th Cir. 1994) ("Knowledge of the presence of contraband may ordinarily be inferred from the exercise of control over the vehicle in which it was concealed.").

▮▮ Monsanto heavily relies on evidence that he purchased his car from a junkyard and that he had only owned the car for one month to show that he did not know about the gun. That circumstance may suggest that another person may have been responsible for the firearm. However, it is settled that when judging the sufficiency of the evidence to support a conviction, "evidence need not be inconsistent with every conclusion save that of guilt, provided it does establish a case for which the jury can find the defendant guilty beyond a reasonable doubt." *United States v. Hamilton*, 457 F.2d 95, 98 (3d Cir. 1972). Given the evidence presented by the government, a reasonable jury could conclude that Monsanto knowingly possessed the gun in the car. The jury chose to reject Monsanto's testimony, and the Court "is bound by the jury's determination of credibility and its decision to accept the testimony of witnesses who contradicted the defendant[]." *Gov't of the V.I. v. Navarro*, 513 F.2d 11, 14, 11 V.I. 542 (3d Cir. 1974).

---

[4] *See also United States v. Lochan*, 674 F.2d 960, 966 (1st Cir. 1982) ("Drivers generally have dominion and control over the vehicles that they drive."); *United States v. Stricklin*, 534 F.2d 1386 (10th Cir. 1976) (holding that evidence that the appellant was the sole owner, driver, and occupant of an automobile pulling a U-Haul trailer was sufficient to infer that he was in possession of marijuana found in the trailer).

[5] *See also United States v. Davila Escovedo*, 36 F.3d 840, 843 (9th Cir. 1994) ("As appellant was the driver and sole occupant of the vehicle, the jury could properly infer that he knew about the marijuana.").

## B. Eighth Amendment

Monsanto also argues that the mandatory fifteen-year sentence imposed by the Superior Court violates the Eighth amendment prohibition against cruel and unusual punishment and must therefore be reversed.[6]

When evaluating challenges under the Eighth Amendment, courts must consider three factors:

> (1) The gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdictions; and (3) the sentences imposed for commission of the same crime in other jurisdictions.

*United States v. MacEwan,* 445 F.3d 237, 247 (3d Cir. 2006) (citing *Solem v. Helm,* 463 U.S. 277, 290-292, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983)).

The first factor is a "gateway or threshold. If the defendant fails to show a gross imbalance between the crime and the sentence our analysis is at an end." *Id.* at 248. In making this determination, Courts are to assess: (1) whether the sentence seeks to punish recidivist offenders; (2) whether the sentence is a life sentence or for a term of years; and (3) whether the crime is a passive felony[7]. *See MacEwan,* 445 F.3d at 247-252.[8]

---

[6]   The Eighth amendment states:

Excessive bail should not be required nor excessive fines imposed, nor cruel and un-usual punishments inflicted.

U.S. CONST. amend. VIII. The Eighth amendment of the Constitution has been made appli-cable to the Virgin Islands by § 3 of the Revised Organic Act of 1954, 48 U.S.C. § 1561.

[7]   The *MacEwan* Court observed that:

It was only in *Solem* that the [Supreme] Court ruled that a life sentence for a recidivist offender violated the proportionality principles of the Eighth Amendment. [*Solem,*] 463 U.S. at 296-297. There, the defendant — who had been convicted of uttering a "no account" check for $100, which is a felony, and had six previous minor and non-violent felonies on his record — was appealing a life sentence without the possibility of parole. *Id.*

*MacEwan,* 445 F.3d at 248.

[8]   In *MacEwan,* the defendant argued that a fifteen year mandatory sentence for violating federal anti-child pornography laws was in violation of the Eighth amendment and was "at odds with the evolving standards of decency that are part of American society." *MacEwan,* 445 F.3d at 247. The Third Circuit found that: (1) defendant had "repeatedly violated the federal anti-pornography laws," *Id.* at 249; (2) that the sentence "is not a life sentence, but

533

In this case, Monsanto is facing a longer prison term for having been previously found guilty of a felony. 14 V.I.C. §2253(a). Moreover, the sentence received by Monsanto is not a life sentence but for fifteen years. Finally — unlike the appellant in *Solem* — Monsanto's crime of unauthorized possession of a firearm is not a passive felony.[9]

"In light of the heavy burden that an appellant must carry in order to show that his sentence is grossly disproportionate," *MacEwan*, 445 F.3d at 250. Monsanto's is not one of those rare cases "where the challenged sentence is so extreme or unconventional as to create an initial presumption of excessiveness." *Hunt*, 46 V.I. at 541. Therefore, we need not extend our inquiry to an examination of the sentences received by other defendants in federal and state jurisdictions. Accordingly, we conclude that a fifteen-year sentence for a repeat offender pursuant to 14 V.I.C. section 2253(a) does not violate the Eighth Amendment ban against cruel and unusual punishment.

## III. CONCLUSION

For the foregoing reasons, we will affirm the judgment and sentence of the Superior Court. An appropriate Order follows.

---

15 years," *Id.*; and (3) that the defendant's "triggering crime is not 'one of the most passive felonies a person could commit,' " *Id.* Accordingly, the Court found that "the 15-year mandatory minimum sentence required by §2252A(b)(1) for repeat child pornography offenders is not a cruel and unusual punishment in violation of the Eighth Amendment." *Id.* at 250.

[9]  This Court has previously found in *Hunt v. Gov't of the V.I.*, 46 V.I. 534, 541-542 (D.V.I. 2005), that a fifteen-year minimum sentence for a first-time offender found guilty of merely obliterating a serial number on a firearm does not violate the proportionality principles of the Eighth Amendment. In light of this precedent, it is difficult to argue that unauthorized possession of a firearm is "one of the most passive felonies a person could commit." *MacEwan*, 445 F.3d at 249 (quoting *Solem*, 463 U.S. at 296).